60 F.3d 825
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher CARTER, Defendant-Appellant.
 No. 94-5581.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 17, 1995.
Decided: July 6, 1995.
 
 Gregory B. English, English & Smith, Alexandria, VA, for Appellant. Helen F. Fahey, United States Attorney, Perry S. Bechky, Special Assistant United States Attorney, Alexandria, VA, for Appellee.
 Before WILKINSON and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Christopher Carter appeals from his conviction for aiding and abetting the making of false statements to a federally-licensed firearms dealer, in violation of 18 U.S.C.A. Secs. 2, 924(a)(1)(A) (West 1976 & Supp.1994). We affirm.
 
 
 2
 On December 21, 1992, Carter left Baltimore, Maryland, to meet his friend Michael Dearing in Virginia. The two then proceeded to the Old Town Armory and the J.E. Rice Company in Manassas, Virginia (both federally-licensed firearms dealers), to purchase firearms. Carter gave Dearing money for the weapons and Dearing purchased a Ruger semi-automatic pistol and two Davis .380 semi-automatic pistols, listing himself as the purchaser on two ATF Form 4473's.* Carter stated that he had given the money to Dearing "to avoid the hassles in Maryland." Carter himself was ineligible to purchase firearms in Virginia because he was a non-resident and under the age of 21. Carter was convicted of one count of aiding and abetting in the making of false statements to a federally-licensed firearms dealer and was sentenced to two years of probation, 200 hours of community service, fined $500 and ordered to pay a special assessment of $50. He appeals.
 
 
 3
 Carter contends that the evidence was insufficient to sustain the verdict because the prosecution did not prove that the purchase was anything other than an innocent purchase of a firearm jointly with a friend in which Carter neglected to list himself as one of the owners.
 
 
 4
 In determining the sufficiency of the evidence, this Court reviews the evidence at trial in the light most favorable to the prosecution, Glasser v. United States, 315 U.S. 60, 82 (1942), including all reasonable inferences that can be drawn from that evidence, United States v. Russell, 971 F.2d 1098, 1109 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S.1993).
 
 
 5
 The evidence presented at Carter's trial established that Dearing purchased guns with money given to him by Carter; that Dearing listed only himself as the purchaser; and that the purchases were carried out to "avoid the hassles in Maryland." From this evidence, the jury could reasonably conclude that Carter intentionally engaged Dearing to purchase the guns on his behalf, in violation of federal firearms registration requirements. See United States v. Hern, 926 F.2d 764 (8th Cir.1991) (upholding conviction under 18 U.S.C.A. Sec. 922(m) (West 1976 & Supp.1994) for sham purchases of firearms by resident serving as middleman for nonresident purchaser); United States v. Ortiz-Loya, 777 F.2d 973 (5th Cir.1985) (upholding conviction for aiding and abetting unlawful acquisition of firearms). Carter's version of the events--that he and Dearing were co-owners, and that he had merely neglected to list himself as a purchaser--was presented in his testimony at trial. The jury did not find his testimony credible. Such findings are not reviewable by this Court. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Accordingly, we affirm Carter's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The Alcohol, Tobacco and Firearms Division of the United States Treasury Department requires purchasers and sellers of firearms to complete ATF Form 4473 in order to determine the eligibility of the buyer (transferee) to receive firearms under federal law, See United States v. Ortiz-Loya, 777 F.2d 973, 976 n. 1 (5th Cir.1985)